MEMORANDUM *
Salvador Ponce, native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from the Immigration Judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition in part and deny it in part.[1]
As an initial matter, we deny Ponce’s request that we take judicial notice of the U.S. State Department’s 2007 Country Report for El Salvador. Our review is limited to the administrative record. 8 U.S.C. § 1252(b)(4)(A); Fisher v. INS, 79 F.3d 955, 963-64 (9th Cir.1996) (en banc). The exception to the general rule recognized in Gafoor v. INS, 231 F.3d 645, 655-57 (9th Cir.2000), is not applicable in this case.
We deny the petition as to Ponce’s claims for asylum and withholding of removal based on political opinion. Substantial evidence supports the IJ’s determination because Ponce failed to put forward sufficient evidence that the guerrillas’ attentions were “on account of’ any actual or imputed political opinion, as opposed to on account of the guerrillas’ desire to fill their ranks or Ponce’s refusal to join them. Cf. INS v. Elias-Zacarias, 502 U.S. 478, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).
We grant the petition and remand as to Ponce’s asylum claim related to his membership in a particular social group— gay people in El Salvador. The IJ held that Ponce satisfied the subjective prong of the well-founded fear analysis, but that he failed to demonstrate an objective fear of future persecution on account of his sexual orientation.[2] The IJ, however, ap *79 plied the incorrect legal standard by requiring that Ponce show “a real chance that his life or freedom would be in jeopardy in El Salvador.”[3] For asylum purposes, an alien need not show that his “life or freedom” would be threatened, as required by the IJ, but rather that he has a well-founded fear of future persecution. This standard requires a showing that there is a ten percent chance that the alien will be persecuted. Al-Harbi v. INS, 242 F.3d 882, 888 (9th Cir.2001). Persecution, according to Ninth Circuit law, is “an extreme concept, marked by the infliction of suffering or harm ... in a way regarded as offensive.” Li v. Ashcroft, 856 F.3d 1153, 1158 (9th Cir.2004) (internal quotation marks omitted). This definition is broader than a threat to “life or freedom.” INS v. Stevic, 467 U.S. 407, 428 n. 22, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984).[4]
We also grant the petition and remand as to Ponce’s claim to withholding of removal related to his membership in a particular social group. The IJ’s denial of such relief flowed from the asylum determination; however, because the asylum determination has been remanded, we must grant the petition and remand as to the denial of withholding of removal as well.
Finally, we deny the petition as to Ponce’s CAT claim. Substantial evidence supports the IJ’s determination because Ponce failed to establish that it is more likely than not that he will be tortured if removed to El Salvador.
GRANTED IN PART, DENIED IN PART, AND REMANDED. Costs on appeal are awarded to Ponce.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. “Where, as here, the BIA’s order indicates that it may have engaged in de novo review of the IJ’s decision but does not provide any legal analysis, we review the IJ’s oral decision as a guide to what lay behind the BIA’s conclusions. We review the IJ’s application of legal standards de novo. The IJ’s factual findings, on the other hand, are reviewed for substantial evidence." Bromfield v. Mukasey, 543 F.3d 1071, 1076 (9th Cir.2008) (internal citations, quotation marks, and alterations omitted).

. The IJ concluded that even if Ponce were eligible for asylum, he was not entitled to asylum as a discretionary matter. The BIA did not consider the IJ's discretionary determination and thus we do not do so in this petition. Even if the BIA had considered this issue, a remand would be necessary because *79 the IJ's application of the wrong legal standard at the eligibility stage infected the exercise of discretion at the discretionary stage.

. The IJ's error was not cured at the BIA, which did not mention, let alone correct, the IJ’s error. The BIA's mere citation to INS v. Cardoza-Fonseca, 480 U.S. 421, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987), is insufficient to demonstrate an application of the correct legal standard.

. Even under his erroneously heightened standard, the IJ acknowledged that the case is a "close call": "comparing actual instances of discrimination described in the reports with the extreme concept of persecution, that is to say a threat to one’s life and freedom, it is a very close call as to whether the country conditions in the record regarding El Salvador rise to the level of persecution.” On remand, the question for the IJ is whether Ponce has demonstrated a ten percent chance of persecution based on his sexual orientation. The IJ is advised to consider the entire record, including the numerous news articles submitted by Ponce but not referenced by the IJ. Additionally, we note that “if the perpetrator is motivated by his victim’s protected status — including sexual orientation — he is engaging in persecution, not random violence.” Bromfield, 543 F.3d at 1076-77.